UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GARY RUSSELL LEMARR, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-05-167 |
| "JOHN DOE", U.S. MARSHAL, LAREDO, TEXAS *et al.* | § | |
| | § | |
| Defendants | § | |
| | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2]; Plaintiff's Motion to Enter Exhibits [Doc. No. 3] and Plaintiff's Motion to Appoint Legal Counsel [Doc. No. 4]. Upon due consideration of the pleadings and applicable authorities, Plaintiff's application to proceed *in forma pauperis* and Plaintiff's Motion to Enter Exhibits is GRANTED. Plaintiff's Motion to Appoint Legal Counsel is DENIED.

**I.    Factual Background**

On July 15, 2005, Plaintiff filed a false imprisonment claim against several "John Doe" United States Marshals and prison officials. Plaintiff alleges that Defendants violated his constitutional rights, when they detained him for 13 days beyond his court imposed sentence.[1] On June 3, 2003, Plaintiff was sentenced by this Court to a 45 day term of imprisonment for Aiding and Abetting the Illegal Entry of a Mexican Alien. His release date was set for July 17,

---

[1] Plaintiff's false imprisonment claim arose out of a 2003 conviction; his term of imprisonment for that conviction has already expired. After his release, on August 28, 2003, Plaintiff was subsequently indicted for a new offense for which he is currently incarcerated.

1

2003. On July 17, 2003, Plaintiff claims he was taken to the discharge area but was later returned to his cell. Plaintiff claims that he was informed that he could not be released because the prison had not received his release order. Plaintiff alleges that from July 17 - July 30, 2003 when he was actually released, he spoke to various shift supervisors and asked to be released but those requests fell on deaf ears. Plaintiff claims that eventually when he was released, he was left penniless at a corner service station approximately 12 miles from Laredo. Plaintiff seeks compensatory damages of $300 per day for every day he was held over his prison term and also seeks attorney's fees.

**II.  Analysis**

   **A.  Application to proceed *informa pauperis***

Plaintiff, in compliance with the dictates of 28 U.S.C.A §1915(a)(1) and (2), avers that he is a pauper with no assets and has submitted a printout of his prisoner accounts which indicates that he has less than $30 in that account. Because Plaintiff is indigent and states a cognizable claim for relief, Plaintiff's application to proceed *informa pauperis* is hereby GRANTED.

Pursuant to 28 U.S.C.A §1915(b) (1) however, Plaintiff is required to pay the full amount of the $250 filing fee. Although payment up front would not be practicable, Plaintiff is ordered to pay an initial partial filing fee of 20 percent of the greater of –

>  **1)** the average monthly deposits to the prisoner's account; or
>  **2)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

After paying the initial partial filing fee, Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his prisoner's account. The agency having

custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

### B.  Motion to Appoint Counsel

While defendants in criminal actions have a constitutional right to be represented by an attorney, parties to a civil action do not have that right. *See Ulmer v Chancellor*, 691 F.2d 209(5th Cir. 1982); *see also Branch v. Cole*, 686 F.2d 264, 265 (5th Cir. 1982). Pursuant to 28 U.S.C.A §1915(d) however, a party in a civil action who cannot afford to retain counsel may ask the court to appoint counsel. "[B]ut there is no automatic right to appointment of counsel in a civil rights case. . . ." See *Castro Romero v. Becken*, 256 F.3d 349 (5th Cir. 2001); *see also* 28 U.S.C.A §1915(e).

Federal courts at their discretion may appoint counsel for an indigent plaintiff if doing so would advance the proper administration of justice. 28 U.S.C.A §1915(d). A federal court is only required to appoint counsel where a case presents "exceptional circumstances." The existence of "exceptional circumstances" turns on the type and complexity of the case; the capabilities of the individual bringing the claim; whether the indigent is in a position to adequately investigate the case and whether the evidence consists of conflicting testimony that would require skillful cross-examination. *See Jackson v. Dallas Police Dept.,* 811 F.2d 260, 261 (5th Cir. 1986); s*ee also Ulmer*, 691 F.2d at 209; *Peterson v. Nadler*, 452 F. 2d 754 (5th Cir. 1971).

Plaintiff's case is not complicated. He is making a claim for false imprisonment and seeking monetary compensation for the 13 days that he was imprisoned after his scheduled release date.  The Court is unsure of Plaintiff's educational background but the quality of his complaint and his ability to effectively articulate the facts of his claim and basis for relief leads

this Court to conclude that he is quiet capable of representing himself in this matter. Plaintiff's complaint and motions thus far are well thought out and even cite to statutory and other legal authority.  Plaintiff has also effectively exhausted his administrative remedies without legal counsel and had the presence of mind to keep the proper documentation that establishes those facts.  This lawsuit is far from complex and does not require any special investigative or presentation skills. The Court finds that Plaintiff is quite capable of communicating and protecting his interests and no "exceptional circumstance" exists at this point that would warrant appointment of counsel.[2]

## C.  Motion to Enter Exhibits

When Plaintiff filed his complaint with this Court, Plaintiff also filed a Motion to Enter Exhibits. Plaintiff requests permission to enter exhibits which "are a pertinent factor in showing the validity of his claims against Defendants and will greatly aid the Court in its deterermination of the merits of Plaintiffs case."  Plaintiff should note that he could have appended his exhibits to his complaint and did not need to file a separate motion to enter exhibits on the record. While FED R. CIV. P.  8  provide for notice pleadings, nothing in that rule prohibits parties from appending evidence of their claim to their complaint.

---

[2] Plaintiff is of course free to secure private counsel in this matter. If Plaintiff represents himself however, he must respond to all motions and pleadings filed by Defendants as prescribed by the local and federal rules. While the Court construes pro-se filings liberally, this Court nonetheless requires all parties to abide by the dictates of the federal and local rules. *Hogan v. Midland County Comm'r Court*, 680 F.2d 1101, 1103 (5th Cir. 1982).

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel is hereby DENIED.

Plaintiff's application to proceed *informa pauperis* and Motion to Enter Exhibits are GRANTED.

IT IS SO ORDERED

Done this 23rd day of March, 2006 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**To insure proper notice, each party who receives this order shall forward copy of it to the every other party and affected non- party even though they may have been sent one by the court.**